FILED
2009 Jul-20 PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

MR. APPLIANCE CORP.,              }
                                  }
     Plaintiff,                   }
                                  }     CIVIL ACTION NO.
v.                                }     09-AR-1137-S
                                  }
WOODROW HOLLOWAY, et al.,         }
                                  }
     Defendants.                  }
```

### MEMORANDUM OPINION AND ORDER OF MEDIATION

Before the court is the motion of plaintiff, Mr. Appliance Corp. ("Mr. Appliance"), for a preliminary injunction against defendants, Woodrow Holloway, Deborah Maudlin Holloway (collectively "the Holloways"), and The Appliance Doctor of Central Alabama, Inc. ("Appliance Doctor")(collectively "defendants"). Also before the court is defendants' motion to dismiss or, in the alternative, for a stay and a reference to binding arbitration.

This court has rarely ordered mediation without a request from one or more parties. This case provides a perfect excuse for the *sua sponte* invocation of Section IV, B, of this court's Alternative Dispute Resolution Plan[1]. The franchise agreement between the

---

[1] Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. All aspects of mediation are private, confidential and privileged from process and discovery. The process is treated as a compromise negotiation for purposes of the Federal Rules of Evidence and State rules of evidence. The mediator is disqualified as a witness, consultant, attorney, or expert in any pending or future action relating to that dispute, including actions between the persons not parties to the mediation process. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session. Following mediation, the mediator will report to the court only that a settlement was reached or mediation was conducted and no agreements were reached, and nothing more.

Holloways and Mr. Appliance expressly contemplates mediation as a preface[2]. There are so many facets and angles to this dispute that an independent look, without participation by the court that may ultimately have to unravel the convolutions, will provide a much more expeditious, felicitous and fair resolution.

Accordingly, the parties are hereby **DIRECTED** to proceed **FORTHWITH** to select a mediator in accordance with the requirements of the Plan. **Within twenty-one (21) days** of this date, the parties shall file with the Clerk the name of the person selected to serve as mediator. A party may object to this referral to mediation by filing a request for reconsideration **within seven (7) calendar days**. If no such objection is filed or it is overruled, within **twenty eight (28) days** after the selection of the mediator, the parties or the mediator shall file a report of the status of the mediation. **Prior to informing the court of the selection of the mediator, the parties should contact the proposed mediator to determine the existence of any potential conflicts of interest and his or her willingness to serve**. Unless agreed otherwise by the parties, the costs of mediation shall be borne equally by plaintiff and defendants. *See* Section IV,B,12,b of the Plan. A current list of the court's Panel of Neutrals who are available for service as mediators is available from the Clerk.

---

[2] The Holloways, on the facts presented thus far, can be considered the proxy of Appliance Doctor.

The case is **STAYED** pending mediation.

DONE this 20th day of July, 2009.

/s/ William M. Acker, Jr.
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE